IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN GRAJEDA-GONZALEZ<br>(BOP Register No. 43204-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2379-D-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Juan Grajeda-Gonzalez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. Nos. 2 & 3. He also has moved for appointment of counsel. *See* Dkt. No. 4.

This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that for the reasons explained below the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Grajeda-Gonzalez] is not entitled to relief." *Id.* For the same reasons, Grajeda-Gonzalez also has not shown that the interests of justice require appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

-1-

**Applicable Background**

Grajeda-Gonzalez pleaded guilty to one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced to 94 months' imprisonment, a sentence within the range calculated under the advisory sentencing guidelines (84 to 105 months, a range based on a total offense level of 22 and a criminal history category of VI). This Court's judgment was affirmed on direct appeal, *see United States v. Grajeda-Gonzalez*, 475 F. App'x 960 (5th Cir. 2012) (per curiam), and the United States Supreme Court denied Grajeda-Gonzalez's petition for a writ of certiorari, *see Grajeda-Gonzalez v. United States*, 133 S. Ct. 899 (2013).

Pertinent to his Section 2255 motion, Grajeda-Gonzalez's base offense level was enhanced by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because he had a prior conviction in state court in Texas for robbery, a crime of violence. Grajeda-Gonzalez now claims that this sentencing enhancement "is a violation of due process in light of Johnson v. United States." Dkt. No. 2 at 4.

**Legal Standards and Analysis**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. The Supreme Court has made that decision retroactively applicable. *See*

*Welch v. United States*, 136 S. Ct. 1257 (2016).

Whether *Johnson* should be expanded to other criminal statutes containing similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g.*, *In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize a successive, *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review).

But, even if *Johnson*'s holding is expanded to the sentencing guidelines, it will not benefit Grajeda-Gonzalez. To understand why this is the case, the Court must examine U.S.S.G. § 2L1.2(b)(1)(A), the specific-offense-characteristic enhancement applicable to Grajeda-Gonzalez's conviction for unlawfully entering or remaining in the United States. That section provides:

> If the defendant previously was deported, or unlawfully remained in the United States, after –
>
> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking

offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.

*Id.*

A "crime of violence" as used in Section 2L1.2(b)(1)(A)

means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

The United States Court of Appeals for the Fifth Circuit recently explained:

To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses.... The other ... is a "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

*United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (quoting *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (in turn citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)); footnote omitted).

Grajeda-Gonzalez's prior Texas robbery conviction fits within the first category, as an enumerated offenses. *See United States v. Ortiz-Rojas*, 575 F. App'x 494, 495 (5th Cir. 2014) (per curiam) ("This court has already determined the generic, contemporary meaning of the enumerated offense of robbery and held that Texas robbery meets that definition." (citing *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir.

2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013))); *United States v. Sanchez-Lopez*, 493 F. App'x 557, 558 (5th Cir. 2012) (per curiam) ("Robbery is an enumerated crime of violence under § 2L1.2, comment (n.1(B)(iii). In *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006), we held that the definition of robbery under Texas Penal Code § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2.").

But, even if Grajeda-Gonzalez's prior Texas robbery conviction was not an enumerated offense, and if the "catch-all" provision was triggered, "crime of violence" as defined in Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA.

> As the United States Court of Appeals for the Eleventh Circuit has observed,
>
> confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682 F.3d 953, 957 (11th Cir. 2012); some internal quotation marks omitted); *see also Ontiberos-Silberio v. United States*, Case No. 1:15-cv-213 & Crim. No. B-13-282-1, 2016 WL 922434, at *4 (S.D. Tex. Jan. 29, 2016), *rec. adopted*, 2016 WL 1047395 (S.D. Tex. Mar. 9, 2016) ("Section 2L1.2(a) does not have a residual clause resembling the clause

in the ACCA. Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." (citations omitted)).

Recently, in light of *Johnson*, a panel of the Fifth Circuit addressed another subsection of U.S.S.G. § 2L1.2 not applicable to the sentencing enhancement Grajeda-Gonzalez received – Section 2L1.2(b)(1)(C), which incorporates 18 U.S.C. § 16's statutory definition of "crime of violence." But the Fifth Circuit sitting en banc has since reversed that panel decision and has held "that 18 U.S.C. § 16(b) is not unconstitutionally vague." *United States v. Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc).

Regarding the request to appoint counsel, "[n]o constitutional right to counsel exists in federal postconviction proceedings," *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under [18 U.S.C.] § 3006A(a)(2)(B), a [habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" Under "the interests of justice" standard, "the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim." *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citation omitted). Because Grajeda-Gonzalez's motion to vacate should be summarily dismissed, appointment of counsel will benefit neither Grajeda-Gonzalez nor the Court. Accordingly, the interests of justice do not require appointment of counsel, and Grajeda-Gonzalez's motion for appointment of counsel should be denied.

**Recommendation**

The Court should summarily dismiss the Section 2255 motion [Dkt. No. 2] under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and deny the motion for appointment of counsel [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE